

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1972

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-1086

Re: Whether the Harris County
Commissioners Court has
authority to enter into
a contract with the Harris
County Pre-Trial Release
Agency for the furnishing
of background information
to be used by the appro-
priate officer in setting

Dear Mr. Resweber:                    bail.

You have asked our opinion whether the Harris County
Commissioners Court has authority to enter into a contract
with the Harris County Pre-Trial Release Agency, an organi-
zation that proposes to investigate the background of pris-
oners so that recommendations as to the appropriate amount
of bond can be formulated.

The stated purpose and function of the Agency is as
follows:

"The purpose of this project is to establish
in Harris County a program under which certain
categories of prisoners may be released from
jail pending trial, either on personal bond
or on a lower bond than might otherwise be re-
quired. Generally, all persons arrested (ex-
cept certain categories, such as homicide,
armed robbery, narcotics and sex crimes) will
be interviewed shortly after arrest. The in-
terview is voluntary. It will ascertain the
prisoner's prior criminal record, family job, (sic)
stability, residential stability, community
ties, i.e., all information tending to show
whether a prisoner will appear for trial. The
information will be verified by project personnel.
Results of the interview will be graded, and if

-5306-

favorable, the prisoner will be recommended for
release.  Before release, he must provide an ad-
dress at which he can be notified of trial date,
must promise to appear for trial or if otherwise
needed in Court or by the police.

"The program will return prisoners to their
families and jobs pending trial, relieves jail
overcrowding and inspires confidence in the
criminal justice system by releasing those who
are good risks who might otherwise remain in
jail pending trial because of inability to raise
bail money."

The power, authority and jurisdiction of the county Com-
missioners Court extends to such business of the county as
is entrusted to it by the Constitution of Texas and by legis-
lative enactment.  Article 5, Section 18, Texas Constitution.
Article 2351, Section 15, provides that the Commissioners
Court shall have all such other powers and jurisdiction, and
shall perform all such other duties, as are now or may here-
after be prescribed by law.

Article 2372p-1, Sections 1 and 3, Vernon's Civil Statutes
provides as follows:

"Sec. 1.  For the purpose of providing timely
and effective assistance of counsel to those per-
sons accused of crime and who are financially un-
able to employ counsel on their own, the commis-
sioners court of any county in this state having
a population of more than 1,200,000, according to
the last preceding federal census, may contract
with some already established bar association,
nonprofit corporation, nonprofit trust associa-
tion or any other nonprofit entity (which has for
its purpose the providing of timely effective as-
sistance of counsel for the indigent accused of
crime) to assist the courts in providing the time-
ly and effective assistance of counsel.

"Sec. 2. . . .

"Sec. 3.  Likewise, for the purpose of pro-
viding the judge before whom a criminal case is

pending the information necessary for making a proper determination as to whether or not the accused should be released on personal bond as authorized by Article 17.03, Code of Criminal Procedure, 1965, <u>the commissioners court of any such county may contract with such above named entity</u> to interview the accused, to verify the information given, to make the appropriate recommendation as to release to the judge of the court where the case is pending, and, if the accused is released on his personal bond, to assure the judge of the court that such entity will assist in securing the presence of the accused at his trial." (Emphasis Added.)

Accordingly, the Commissioners Court of Harris County has statutory authority to enter into this contract described in your opinion request. Article 2372p-1 applies to those counties attaining a population of more than 1,200,000, which would also include at least Dallas County at this time. We have been furnished with no facts showing any constitutional infirmity and thus presume that the statute is valid. It is not on its face a special law and is not so framed as to exclude probability that it would apply to other counties in the future. <u>Bexar County v. Tynan</u>, 128 Tex. 223, 97 S.W.2d 467 (1936).

## S U M M A R Y

The Harris County Commissioners Court may enter into a contract with the Harris County Pre-Trial Release Agency whereby the Agency obtains pertinent information to be furnished to the Court in which a case is pending so that a more meaningful determination as to the amount of bond can be made.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Bob Lattimore
Bart Boling
Max Hamilton

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant